Michael Mogan (S.B.N. 304107)
4803 N. Milwaukee Ave
Suite B, Unit #244
Chicago, IL 60630
Telephone: (949) 424-5237
Facsimile: (949)630-0477
mm@michaelmogan.com
Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

|  |  |
|---|---|
| Michael Mogan | **Case No.** 2:23-cv-00140 |
| Plaintiff | |
| v. | Trial By Jury Demanded |
| William Hendricks, Roxanne Hendricks, Kathrin Wanner and Kirsten Miller | |

1

Plaintiff, Michael Mogan ("Plaintiff"), brings this action against William Hendricks, Roxanne Hendricks, Kathrin Wanner and Kirsten Miller ("Defendants") for general, special, consequential and/or incidental damages; costs; and other appropriate and just relief resulting from Defendants' unlawful conduct, and as grounds therefore alleges:

## PARTIES

1.     Plaintiff Michael Mogan is an adult over the age of 18 years old and resident of the state of Illinois residing in the City of Chicago in Cook County

2.     Defendant William Hendricks is an adult over the age of 18 years old and on information and belief, a resident of San Diego County in the state of California.

3.     Defendant Roxanne Hendricks, is an adult over the age of 18 years old and on information and belief, a resident of San Diego county in the state of California.

4.     Defendant Kathrin Wanner, is an adult over the age of 18 years old and on information and belief, a resident of Los Angeles County in the state of California.

5.     Defendant Kirsten Miller is an adult over the age of 18 years old and on information and belief, a resident of Los Angeles County in the state of California.

## JURISDICTION AND VENUE

6.     The parties citizenship is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332. Diversity of citizenship jurisdiction is conferred by 28 USC §1332 as Plaintiff is a citizen of Illinois, and Defendants William Hendricks. Roxanne Hendricks, Kathrin Wanner and Kirsten Miller are citizens of California  and the amount in controversy exceeds $1,000,000. Plaintiff's emotional distress damages exceed

$1,000,000. Punitive damages at least equal Plaintiff's emotional distress damages which exceed $1,000,000 thus damages exceed $75,000.

7.     A substantial part of the events or omissions giving rise to the action occurred in this district in Los Angeles. 28 U.S.C. §1391(a)(2)

8.     Venue is proper in this court as a substantial part of the events or omissions giving rise to the action occurred in this district. 28 U.S.C. §1391(a)(2). Defendants Kathrin Wanner and Kirsten Miller also do business in person and through their agents and representatives in Los Angeles county within this district. Thus a substantial part of the events or omissions giving rise to the claims also occurred within this district. 28 U.S.C. §1391(b)(2) and 1391(c).

**BACKGROUND**

9.     Plaintiff is an attorney licensed in California.

10.     Defendants Kathrin Wanner and Kirsten Miller are attorneys licensed in California.

11.     Defendants Kathrin Wanner and Kirsten Miller represented William Hendricks as a Cross-complainant in civil proceedings in Los Angeles Superior Court and served Plaintiff, as opposing counsel, a sanctions motion under California Civil Procedure 128.7 and filed the motion in Los Angeles Superior Court seeking sanctions against Plaintiff including fees from Plaintiff in the amount of $4,995. The Los Angeles Superior Court Judge denied the motion thus the ruling on the motion ended in Plaintiff's favor.

12.     Defendants Kathrin Wanner and Kirsten Miller represented William Hendricks and Roxanne Hendricks in civil proceedings in Los Angeles Superior Court and served Plaintiff, as opposing counsel, a sanctions motion under California Civil Procedure 128.7 and filed the motion seeking sanctions against Plaintiff including fees in the amount of $18,060. The Los Angeles Superior Court Judge denied the motion thus the ruling on the motion ended in Plaintiff's favor.

13.     Defendants Kathrin Wanner and Kirsten Miller represented William Hendricks and Roxanne Hendricks in civil proceedings in Federal Court in the Central District of California and served Plaintiff, as opposing counsel, with a sanctions motion and filed the motion seeking sanctions against Plaintiff under 28 USC §1927 including fees in the amount of $14,400. The District Court Judge denied the motion seeking sanctions thus the ruling on the motion ended in Plaintiff's favor.

14.     Defendants Kathrin Wanner and Kirsten Miller represented William Hendricks in civil proceedings in Federal Court in the Central District of California and served Plaintiff, as opposing counsel, and filed a second sanctions motion against Plaintiff seeking sanctions under 28 USC §1927 including fees in the amount of $16,600 against Plaintiff. The District Court Judge denied this motion as well thus the ruling on the motion ended in Plaintiff's favor.

15.     As a result of Defendants' conduct, Plaintiff has suffered emotional distress and injuries including, but not limited to, loss of sleep, embarrassment, social stigmatization and isolation, depression and anxiety.

16.     As a result of Defendants' conduct maliciously prosecuting Plaintiff, Plaintiff has suffered emotional distress and injuries including, but not limited to, loss of sleep, embarrassment, social stigmatization and isolation, depression and anxiety.

17.     As a result of Defendants' conduct maliciously prosecuting Plaintiff Plaintiff has suffered emotional distress and physical and mental anguish as a result of the incidents described herein. Defendants' outrageous actions harmed Plaintiff's reputation.

## FIRST CAUSE OF ACTION

### Malicious Prosecution

(Against Defendants William Hendricks, Roxanne Hendricks, Kathrin Wanner and Kirsten Miller)

18.     Plaintiff realleges and incorporate by reference each and every allegation contained in paragraphs 1 though 17 as though fully set forth herein.

19.     Defendants William Hendricks and Roxanne Hendricks served and filed two sanctions motions against Plaintiff in Los Angeles Superior Court and William Hendricks and Roxanne Hendricks served and filed two additional sanctions motions against Plaintiff in Federal Court in the Central District of California.

20.     The two motions filed in Los Angeles Superior Court filed by William and Roxanne Hendricks and the two sanctions motions filed by William and Roxanne Hendricks in the Central District of California were denied and the ruling on all four of the motions ended in Plaintiffs' favor and no sanctions were imposed upon Plaintiff.

21.     Defendants William Hendricks and Roxanne Hendricks did not reasonably believe that any facts or law existed for the Los Angeles Superior Court to grant sanctions against Plaintiff for either of the two sanctions motions filed against Plaintiff under Cal. Civ. Pro 128.7.  Defendants William Hendricks and Roxanne Hendricks did not reasonably believe that any facts or law existed for the District Court Judge to grant sanctions against Plaintiff under 28 USC §1927 for either of the two sanctions motions filed against Plaintiff in the Central District of California Proceedings under 28 USC §1927.

22.     Defendants William Hendricks and Roxanne Hendricks acted with an improper purpose to ruin Plaintiff's professional reputation, embarrass him and cause him financial and physical harm.

23.    Plaintiff realleges and incorporate by reference each and every allegation contained in paragraphs 1 though 17 as though fully set forth herein.

24.    Defendants Kathrin Wanner and Kirsten Miller served Plaintiff with a sanctions motion under Cal. Civ. Pro §128.7 and filed the motion against Plaintiff in Los Angeles Superior Court seeking $18,060 in sanctions.

25.    The Cal. Civ. Pro §128.7 motion in Los Angeles Superior Court filed by Kathrin Wanner and Kirsten Miller seeking $18,060 in sanctions was denied and the ruling on the motion ended in Plaintiff's favor and no sanctions were imposed upon Plaintiff.

26.    Defendants Kathrin Wanner and Kirsten Miller did not reasonably believe that any facts or law existed for the Los Angeles Superior Court to grant sanctions under Cal. Civ. Pro §128.7 against Plaintiff for the sanctions motions filed against Plaintiff seeking $18,060 in sanctions.

27.     Defendants Kathrin Wanner and Kirsten Miller acted with an improper purpose to ruin Plaintiff's professional reputation, embarrass him and cause him financial and physical harm by filing the motion under Cal. Civ. Pro §128.7 seeking $18,060 in sanctions.

### SECOND CAUSE OF ACTION
### Intentional Infliction Of Emotional Distress
(Against Defendants William and Roxanne Hendricks)

28.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 though 22 as though fully set forth herein.

29.    Defendants William Hendricks and Roxanne Hendricks conduct as described herein was extreme and outrageous.  Defendants William Hendricks and Roxanne Hendricks wrongfully maliciously prosecuted Plaintiff. This constitutes conduct violative of public policy and state law.

30.    Defendants William Hendricks and Roxanne Hendricks intended to cause Plaintiff to suffer severe emotional distress, and acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress.

31.     As a direct result of Defendants William Hendricks and Roxanne Hendricks conduct, Plaintiff has and will continue to suffer severe extreme emotional distress, mental anguish and injuries including, but not limited to, loss of sleep, social stigmatization and isolation, depression and anxiety.

32.     The conduct of Defendants William Hendricks and Roxanne Hendricks and/or their agents/employees, as described herein, was malicious, fraudulent, and oppressive and done with a willful and conscious disregard for Plaintiff's rights entitling Plaintiff to an award of punitive damages from Defendants William Hendricks and Roxanne Hendricks.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this court:

1.  That Plaintiff be awarded general, special, consequential and/or incidental damages in amounts to be proven at trial;

2.  Punitive damages;

3.  That Plaintiff be awarded costs of suit and interest included as provided by law;

4.  For the costs of the suit herein incurred; attorney's fees; prejudgment and post judgment interest until paid;

5.  For attorneys' fees and costs related hereto; and

6.  For such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on issues so triable.

Dated: January 9, 2023

By:   s/ Michael Mogan

Michael Mogan
Plaintiff