UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0140 FMO (PDx) | Date | February 10, 2022 |
|---|---|---|---|
| Title | Michael Mogan v. William Hendricks, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present  None Present

**Proceedings:**   (In Chambers) Order to Show Cause Re: Jurisdiction

On January 9, 2023, Michael Mogan ("plaintiff") filed this action against William Hendricks, Roxanne Hendricks, Kathrin Wanner and Kirsten Miller (collectively, "defendants") asserting the following claims: (1) malicious prosecution; and (2) intentional infliction of emotional distress. (See Dkt. 1, Complaint at ¶¶ 18-32). On February 5, 2023, plaintiff filed the operative First Amended Complaint (Dkt. 15, "FAC"). Subject matter jurisdiction is based on diversity jurisdiction. (See id. at ¶ 6).

The FAC alleges that plaintiff is a "resident of the state of Illinois residing in the City of Chicago in Cook County" and a citizen of Illinois, (see Dkt. 15, FAC at ¶¶ 1, 6), and that defendants are citizens of California. (See id. at ¶¶ 2-6). Plaintiff is also an attorney who is licensed and practices in California courts. (See id. at ¶¶ 9, 11).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

Here, the court is skeptical that plaintiff has adequately alleged his citizenship for purposes of diversity jurisdiction. (See, generally, Dkt. 15, FAC at ¶¶ 1, 6). "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. See id. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0140 FMO (PDx) | Date | February 10, 2022 |
|---|---|---|---|
| Title | Michael Mogan v. William Hendricks, et al. | | |

In addition, the court questions whether abstention may be appropriate here in light of plaintiff's apparent attack on state court proceedings in Los Angeles County Superior Court that may remain pending. (See Dkt. 15, FAC at ¶¶ 11-14); see, e.g., Page v. King, 932 F.3d 898, 901 (9th Cir. 2019) (setting forth the elements for Younger abstention). Because plaintiff failed to identify the state court proceeding(s) from which his allegations arise, (see, generally, id.), the court cannot evaluate whether it may be appropriate to abstain from exercising jurisdiction over this action.

Based on the foregoing, IT IS ORDERED THAT plaintiff shall file a Second Amended Complaint addressing the deficiencies noted above no later than **February 17, 2023**. Failure to file a Second Amended Complaint by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of jurisdiction and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

|  | 00 : 00 |
|---|---|
| Initials of Preparer | gga |