UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL MOGAN, Plaintiff, v. WILLIAM HENDRICKS, et al. Defendants.

Case No. CV 23-0140 FMO (PDx)

**ORDER RE: PENDING MOTION**

Having reviewed and considered all the briefing filed with respect to the Motion for an Order Striking Claims in Second Amended Complaint Pursuant to California Code of Civil Procedure § 425.16 and to Dismiss Action (Dkt. 28, "Motion") filed by Roxanne Hendricks, et al. ("defendants"),[1] the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## ALLEGATIONS IN SECOND AMENDED COMPLAINT[2]

In 2017, Michael Mogan ("plaintiff" or "Mogan") represented Veronica McCluskey

[1] As defendants explain in their Motion, William Hendricks received service earlier than his co-defendants and, as a result, was required to file a responsive motion earlier. (See Dkt. 28, Motion at 1 n. 2); (Dkt. 24, Motion to Strike Claims). Because both motions advance identical arguments, the court considers them together. Any reference to defendants includes all named defendants.

[2] Because the parties are familiar with the facts and allegations, the court will repeat them below only as necessary.

("McCluskey") in two separate lawsuits against William and Roxanne Hendricks ("the Hendricks"). (See Dkt. 28, Motion at 1-2). The Hendricks prevailed in both cases. (See id.). The Hendricks were represented by Kirsten Miller and Kathrin Wanner, who are also named as defendants in the instant action. (See id.).

Plaintiff now raises claims of malicious prosecution and intentional infliction of emotional distress arising out of a series of four motions for sanctions that defendants filed against plaintiff during the course of the two actions. (See Dkt. 19, Second Amended Complaint ("SAC") at ¶¶ 11-14, 22-42). According to plaintiff, defendants "lacked probable cause in filing the sanctions motions and did not reasonably believe that any facts or law existed for the [court] to grant sanctions against Plaintiff[.]" (See id. at ¶¶ 25, 38). As defendants note, Mogan, "a lawyer[,] is suing the litigants and their counsel for distress he claims he endured while litigating cases for his client based on motion practice undertaken in those cases." (Dkt. 28, Motion at 2) (emphasis removed).

This case appears to be one of a number of lawsuits filed by Mogan relating to his unsuccessful – and sanctionable – representation of McCluskey. See Michael Mogan v. Sacks, Ricketts & Case, LLP, et al., 2023 WL 2983577 (9th Cir. 2023) (affirming district court's Rule 11 sanctions against Mogan for filing a similar lawsuit to the one at bar). In the course of plaintiff's lawsuits, he appears to have indiscriminately sued everyone from the presiding judge to opposing counsel to the individual defendants involved in McCluskey's original lawsuits. See Mogan, 2023 WL 2983577, Dkt. 16, Answering Brief of Appellees [] at 1-2.

## LEGAL STANDARD

California Code of Civil Procedure § 425.16[3] provides for a special motion to strike a "strategic lawsuit against public participation" ("SLAPP"):

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United

[3] Unless otherwise noted, all section references are to the California Code of Civil Procedure.

> States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1) (the "anti-SLAPP statute" or "§ 425.16"). Such a motion, commonly called an "anti–SLAPP motion," provides courts with a remedy to dismiss non-meritorious litigation that challenges various kinds of protected speech. See Serova v. Sony Music Ent., 13 Cal.5th 859, 871 (2022); Cal. Civ. Proc. Code § 425.16(b)(1).

A court considering a motion to strike under the anti-SLAPP statute must engage a two-step analysis:

> At the first step, the moving defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech. In making a prima facie showing, the moving defendant bears the burden of identifying all allegations of protected activity and the plaintiffs' claims for relief supported by them. Where the defendant satisfies her burden at the first step, the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated.

Gunn v. Drage, 2023 WL 3030245, *6 (9th Cir. 2023) (internal quotation marks and citations omitted); see AT&T Mobility, LLC v. Bowlin, 2022 WL 1046251, *1 (9th Cir. 2022) ("We engage in a two-part inquiry in considering a motion to strike under the anti-SLAPP statute'"). "[O]nly a claim that satisfies both prongs of the anti-SLAPP statute . . . is a SLAPP, subject to being stricken under the statute." Serova, 13 Cal.5th at 872 (internal quotation marks omitted).

"If a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under Fed.R.Civ.P. 8 and 12 standards[]." Z.F. v. Ripon Unified Sch. Dist., 482 F.App'x 239, 240 (9th Cir. 2012); see Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 833 (9th Cir.), amended, 897 F.3d 1224 (9th Cir. 2018) ("Although we are not bound by Z.F., we conclude that its reasoning is persuasive and we hereby adopt it.");

Rogers v. Home Shopping Network, Inc., 57 F.Supp.2d 973, 982 (C.D. Cal. 1999) ("When a federal court is presented with this type of motion, it must decide the motion in a manner that complies with the standards set by Federal Rules 8 and 12."). However, "if it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted." Planned Parenthood, 890 F.3d at 833.

## DISCUSSION

Because defendants only challenge the sufficiency of the complaint, (see Dkt. 28, Motion, at 5), the court takes "all of the allegations of material fact stated in the complaint as true and construe them in the light most favorable to the nonmoving party." Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 794 (9th Cir. 2007).

I. ANTI-SLAPP STATUTE.

A. Applicability.

Plaintiff argues that California's anti-SLAPP law should not apply in federal court. (See Dkt. 33, Plaintiff's Opposition to [ ] Motion to Dismiss ("Opp.") at 2-3). In support of this contention, he contends that "[a]s for California's anti-SLAPP law, the Second Circuit recently held that it has no role in federal court . . . [and] [o]ther Circuits have limited the application of state anti-SLAPP statutes in federal court[.]" (Id.). However, plaintiff's reliance on the Second Circuit case is concerning given that the case, La Liberte v. Reid, 966 F.3d 79 (2d Cir. 2020), states – in the section to which plaintiff cites, (see Dkt. 33, Opp. at 2-3) – that "[t]he First and Ninth Circuits see no such conflict with the statutes of Maine and California, respectively" and goes on to cite relevant Ninth Circuit precedent. See Reid, 966 F.3d at 86. Plaintiff is cautioned to carefully consider "Rule 3.3(a)(3) of the ABA Model Rules of Professional Conduct . . . [which] prohibits an attorney from knowingly failing to disclose controlling authority directly adverse to the position advocated." Transamerica Leasing, Inc v. Compania Anonima Venezolana de Navegacion, 93 F.3d 675, 675–76 (9th Cir. 1996). In any event, because the Ninth Circuit has clearly held that the anti-SLAPP statute applies in federal court, see AT&T Mobility, 2022 WL 1046251, at *1; United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 973 (9th Cir. 1999) ("[T]he district court erred in finding that subsections (b) and (c) of California's Anti–SLAPP statute

could not be applied[.]"); CoreCivic Inc. v. Candide Grp, 46 F.4th 1136, 1141 (9th Cir. 2022), the court next turns to the two-part test.

B. Protected Activity.

The threshold question is whether the conduct forming the basis of plaintiff's claims constitutes activity that is protected within the meaning of the anti-SLAPP statute. Protected activities include, among other things, "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law." Cal. Civ. Proc. Code § 425.16(e). "[C]ourts have adopted a fairly expansive view of what constitutes litigation-related activities within the scope of section 425.16." Kolar v. Donahue, McIntosh & Hammerton, 145 Cal.App.4th 1532, 1537 (2006) (internal quotation marks omitted).

Here, the conduct forming the basis of plaintiff's claims involves the filing of four motions for sanctions by defendants in two separate lawsuits. (See Dkt. 19, SAC at ¶¶ 11-14). Such conduct falls squarely within the scope of the anti-Slapp statute because "'all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute.'" Kulkarni v. Upasani, 659 F.Appx. 937, 940 (9th Cir. 2016) (quoting Cabral v. Martins, 177 Cal.App.4th 471 (2009)). Given that defendants' sanctions motions were filed before judicial bodies in the course of litigation, there is no dispute that defendants have made the requisite showing that the anti-SLAPP statute covers the conduct at issue. Indeed, the Ninth Circuit recently concluded that a sanctions motion that was filed (and granted) against Mogan in a related case fell under the ambit of the anti-SLAPP statue. See Mogan, 2023 WL 2983577, at *2 ("The statute, in no uncertain terms, protects all communicative acts performed by attorneys as part of their representation of as in a judicial proceeding or other petitioning context, because such activity is per se protected as petitioning activity.") (internal quotation marks omitted).

Plaintiff concedes that "claims arising from a defendant's litigation activity – which include communicative conduct such as the filing, funding, and prosecuting of a civil action – are generally considered protected conduct falling within section 425.16(e)(2)'s broad ambit." (Dkt. 33, Opp. at

3) (internal quotation marks omitted). However, he argues that the "sanctions motions involved activity illegal as a matter of law and the antiSLAPP statute does not apply to . . . criminal conduct[.]" (Id.) (internal quotation marks omitted). He then goes on to allege conduct that appears to have been at issue in the prior lawsuits, including "trafficking drugs" and "offering false testimony in court proceedings" – though not in any proceedings directly related to the sanctions motions. (See id. at 3-4). Although the court is skeptical that filing motions, even non-meritorious motions, constitutes illegal activity, the court does not need to reach that question, for plaintiff does not argue that the sanctions motions themselves were illegal. (See, generally, id.). Further, the court declines to find, as plaintiff seems to urge, that all motions filed in an action that involve underlying allegations of illegal conduct are themselves illegal. In short, the court finds that defendants' statements are protected under the anti-Slapp statute.

C. Probability of Prevailing on the Claim.

Even assuming the subject sanctions motions were not protected under the anti-SLAPP statute, plaintiff still has to demonstrate a probability of prevailing on the claims. See Gunn, 2023 WL 3030245, at *6; Cal. Code Civ. Proc. § 425.16(b)(1). Here, the court is persuaded that plaintiff cannot do so.

1. **Malicious Prosecution Claim.**

"To establish a cause of action for the malicious prosecution of a civil proceeding, a plaintiff must plead and prove that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice[.]" Bertero v. National General Corp., 13 Cal.3d 43, 50 (1974) (citations omitted)May 4, 2023. Here, the defendants in this case were also the defendants in the prior actions. (See Dkt. 19, SAC at ¶¶ 9-21). Thus, defendants cannot be said to have "commenced" the "prior action[.]" See Bertero, 13 Cal.3d at 50.

Plaintiff argues that "[s]anctions motions are independent claims" and, so, should be construed as independent actions that were commenced by defendants. (See Dkt. 33, Opp. at 4-5). However, as the California appellate court has stated, "a malicious prosecution claim cannot be based on subsidiary procedural actions taken within the litigation such as a motion for

sanctions." Pollock v. Univ. of S. California, 112 Cal.App.4th 1416, 1429 (2003) (citation omitted). None of plaintiff's cited cases are to the contrary. In Williams v. Beemiller, 527 F.3d 259 (2d Cir. 2008), on which plaintiff relies for the argument that "[a] Rule 11 motion. . . is the functional equivalent of an independent claim[,]" (Dkt. 33, Opp. at 4), the Second Circuit concluded that a motion to remand was the functional equivalent of a motion to dismiss. Williams, 527 F.3d at 265-66. It is unclear how the Williams case bears on the instant action, but what is clear is that the case provides no support for the proposition that sanctions motions are the functional equivalent of an independent action.[4] In short, because plaintiff has failed to establish that the prior action was commenced by defendants, the court finds that plaintiff has not met his burden to show a probability of prevailing on his malicious prosecution claim.

**2. Intentional Infliction of Emotional Distress Claim.**

Defendants argue that plaintiff's remaining claim, intentional infliction of emotional distress, is barred by the litigation privilege. (See Dkt. 28, Motion at 14). The "absolute litigation privilege" bars tort claims against parties, their lawyers and other participants arising out of communications made during the course of judicial or official proceedings. See Cal. Civ. Code § 47(b); Rubin v. Green, 4 Cal.4th 1187, 1193-1194 (1993) (participants in prior lawsuits are "absolutely immune from tort liability" with the exception of malicious prosecution claims).

California's litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." Action Apartment Ass'n v. City of Santa Monica, 41 Cal.4th 1232, 1241 (2007) (internal quotation marks omitted); Cal. Civ. Code § 47(b). The privilege covers "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation[.]" Finton Construction, Inc. v. Bidna & Keys, APLC, 238 Cal.App.4th 200, 211-212 (2015) (internal quotation

---

[4] Plaintiff's only other cited authority is a case holding that contempt charges constitute an independent action. (See Dkt. 33, Opp. at 4-5). However, the court is unpersuaded by plaintiff's unsupported assertion that sanctions are functionally equivalent to contempt charges. (See id.); (See Dkt. 28, Motion at 12).

marks omitted). The privilege protects conduct even if it is "alleged to be fraudulent, perjurious, unethical, or even illegal." Kashian, 98 Cal.App.4th at 920.

Mogan's allegations supporting the emotional distress claim are premised entirely on communications made as part of a judicial proceeding in the form of motions for sanctions. (See Dkt. 19, SAC at ¶¶ 11-14, 39). Plaintiff argues that "because the conduct upon which the plaintiff's . . . claims were based was made specifically actionable by Penal Code section 11172, subdivision (a), the Civil Code section 47, subdivision (b) litigation privilege did not bar those claims." (Dkt. 33, Opp. at 22). The court disagrees. California Penal Code § 11172(a) criminalizes certain false reports of child abuse and has been held to override § 47(b). See Siam v. Kizilbash, 130 Cal.App.4th 1563, 1573-75 (2005). Plaintiff, however, does not point to any analogous statute that pertains to the instant case and that would similarly override § 47(b). (See, generally, Dkt. 33, Opp. at 20-23). Although plaintiff cites portions of the Penal Code that criminalize certain conduct he alleges defendants engaged in, (see, generally, Dkt. 33, Opp. at 23), none of these statutes relate to the filing of motions for sanctions. In any event, the court agrees with defendants that "filing a sanctions motion pursuant to statutes that provide for seeking them does not rise to the level of extreme or outrageous conduct." (Dkt. 28, Motion at 17). In short, the court concludes that plaintiff has failed to show a probability of prevailing on his intentional infliction of emotional distress claim.

II. LEAVE TO AMEND.

Rule 15 of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (The policy favoring amendment must "be applied with extreme liberality."). However, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971). "[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011); see Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003), overruled on

other grounds, Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007) (en banc) ("The district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint.").

Having liberally construed and assumed the truth of the allegations in the SAC, the court is persuaded that plaintiffs' claims cannot be saved through amendment. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."); Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad.") (internal quotation marks omitted); Wills v. First Republic Bank, 2022 WL 501126, *1 (9th Cir. 2022) (same). Accordingly, plaintiff's SAC will be dismissed without leave to amend.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motions for an Order Striking Claims in Second Amended Complaint **(Document Nos. 24** and **28)** are **granted**.

2. Judgment shall be entered dismissing the above-captioned case with prejudice.

Dated this 9th day of May, 2023.

/s/
Fernando M. Olguin
United States District Judge