UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL MOGAN,
Plaintiff,
v.
WILLIAM HENDRICKS, et al.
Defendants.

Case No. CV 23-0140 FMO (PDx)

**ORDER RE: PENDING MOTION**

Having reviewed and considered all the briefing filed with respect to the [] Motion for Relief from Judgment [] (Dkt. 55, "Motion") filed by Michael Mogan ("plaintiff" or "Mogan"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

On May 9, 2023, the court granted defendants' Motion to Strike (Dkt. 28, "Motion to Strike") under California Code of Civil Procedure § 425.16 ("anti-SLAPP statute"), which provides for a special motion to strike a "strategic lawsuit against public participation." (See Dkt. 51, Court's Order of May 9, 2023). Now, Mogan moves under Federal Rule of Civil Procedure 59[1] to have the judgment vacated or, in the alternative, be given leave to amend the complaint. (See Dkt. 55, Motion at 1-3).

This case is one of a number of lawsuits filed by Mogan relating to his unsuccessful – and sanctionable – representation of Veronica McCluskey in two separate lawsuits against William and

[1] All further "Rule" references refer to the Federal Rules of Civil Procedure.

Roxanne Hendricks. See Michael Mogan v. Sacks, Ricketts & Case, LLP, et al., 2023 WL 2983577 (9th Cir. 2023) (affirming district court's Rule 11 sanctions and attorneys' fees grant against Mogan for filing a similar lawsuit to the one at bar). In the course of his seriatim lawsuits, Mogan has lost – again, and again, and again. See id.; Mogan v. Airbnb Inc., 2023 WL 3841742, *1 (C.D. Cal. 2023) (granting ant-SLAPP motion against plaintiff on a virtually identical set of facts as here); (Dkt. 51, Court's Order of May 9, 2023). Indeed, another court in this District recently denied a practically identical motion for reconsideration. See, e.g., Mogan v. Airbnb Inc., 2023 WL 3841739, *1 (C.D. Cal. 2023) (denying motion for reconsideration of dismissal under the anti-SLAPP statute as "meritless").

## LEGAL STANDARD

In the Central District, the Local Rules direct that a motion for reconsideration may be made only as follows:

> on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18. "No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." Id.

Rule 59(e) allows a party to seek alteration or amendment of a judgment.[2] Fed. R. Civ. P. 59(e). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:

[2] Although Rule 60(b)(6) allows a court to relieve a party from an order for "any other reason [in addition to the reasons enumerated in Rule 60(b)(1)–(5)] that justifies relief[,]" Fed. R. Civ. P. 60(b)(6), Mogan does not move under Rule 60. (See, generally, Dkt. 55, Motion at 1-3). Even assuming he had, a motion on that basis would prove unavailing, for relief under Rule 60(b) is "extraordinary" and "may be granted only upon an adequate showing of exceptional circumstances" that are not present here. See Stevens v. ITT Sys., Inc., 868 F.2d 1040, 1041 n.1 (9th Cir. 1989) (internal quotation marks omitted).

(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). Amending a judgment under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted); see Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application) (internal quotation marks omitted). Accordingly, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). In other words, "Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to . . . advance arguments that could and should have been presented to the district court prior to the judgment." Patton Boggs, LLP v. Chevron Corp., 791 F.Supp.2d 13, 27 (D.D.C. 2011) (internal quotation marks omitted).

## DISCUSSION

Plaintiff's Motion largely reprises the same, already-rejected arguments the he raised in his Opposition to [Defendants'] Motion to Dismiss. (Compare Dkt. 33, Plaintiff's Opposition to Motion to Dismiss at 2-4, with Dkt. 55, Motion at 5-14). In particular, plaintiff argues that: (1) defendants' motion for sanctions "commenced" an action against plaintiff, (see Dkt. 55, Motion at 5-12); (2) the anti-SLAPP statute should not apply in federal court, (see id. at 12-13); (3) plaintiff had a reasonable probability of prevailing on his malicious prosecution claim, (see id. at 13-14); and (4) the litigation privilege did not bar plaintiff's intentional infliction of emotion distress claim. (See id. at 16-22). These recycled arguments are improper under Local Rule 7-18 and provide no basis for relief under Rule 59(e).

In addition to the above, plaintiff advances three new arguments. First, he argues that "[t]he district court's dismissal of all claims against Defendants must be overturned because the

District Court denied Plaintiff's request for oral argument." (Dkt. 55, Motion at 4). Not so. There is no right to oral argument on a motion to dismiss. See Sovereign General Ins. Servs., Inc. v. Nat'l Cas. Co., 359 F.Appx. 705, 707–08 (9th Cir. 2009) ("It is well-settled that there is no constitutional due process right to oral argument"); James v. Cnty. of L.A., 765 F.Appx. 397, 397–98 (9th Cir. 2019) (holding that a district court did not abuse its discretion when it dismissed a case without oral argument); Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998) (a district court's decision to decide a motion without oral argument does not result in prejudice "if the parties can submit their papers to the court"); see also Fed. R. Civ. P. 78 (authorizing the submission of motions without oral argument); L.R. 7-15 (same).

Second, plaintiff argues that he was unable to conduct needed discovery before the court dismissed his complaint, stating that defendants "unilaterally decided an automatic stay existed and refused to attend six depositions or respond to Plaintiff's request for production of documents." (Dkt. 55, Motion at 14). Although it is true that "when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim . . . discovery must be allowed[,]" Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 834 (9th Cir. 2018), the anti-SLAPP motion at issue here only challenged the legal sufficiency of plaintiff's complaint and it was on that basis that the court ruled. (See Dkt. 28, Motion to Strike at 2) ("Defendants challenge only the legal sufficiency of Plaintiff's claims[.]"); (Dkt. 51, Court's Order of May 9, 2023, at 4) ("[D]efendants only challenge the sufficiency of the complaint[.]"). Thus, discovery would have had no bearing on the outcome of the court's ruling on that motion, for the Order concerned issues of law, not fact. (See Dkt. 51, Court's Order of May 9, 2023, at 4); Planned Parenthood, 890 F.3d at 834.

Finally, plaintiff argues that the court should grant leave to amend his complaint "to address issues raised in this motion and why illegality exception [sic] does not apply as well as reasons why the sanctions motions sought sanctions for matters not permitted[.]" (Dkt. 55, Motion at 23). Although the Ninth Circuit requires that the policy favoring amendment set forth in Rule 15 should be applied with "extreme liberality[,]" Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted), it is axiomatic that leave may be denied for "futility of amendment[.]" Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Here,

amendment would be futile because plaintiff's claims are deficient as a matter of law. (See Dkt. 51, Court's Order of May 9, 2023). Nor does plaintiff present any proposed amendments that would cure these deficiencies. (See, generally, Dkt. 55, Motion at 23). Instead, plaintiff appears to propose that he be granted leave to amend to once again raise his meritless arguments regarding whether the litigation privilege applies. (See id.). Because these arguments would fare no better the third time around, the court denies plaintiff's request.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion **(Document No. 55)** is **denied.**

Dated this 6th day of July, 2023.

/s/
Fernando M. Olguin
United States District Judge